## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.A. and K.A.**

**No. 18-0830** (Mingo County 17-JA-95 and 17-JA-96)

## MEMORANDUM DECISION

Petitioner Mother T.P., by counsel Jim Pajarillo, appeals the Circuit Court of Mingo County's August 16, 2018, order terminating her parental rights to L.A. and K.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cullen C. Younger, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights before she completed her parental competency evaluation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 3, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner abused substances and left the younger child in the custody of his father, who petitioner knew to be an inappropriate caretaker due to his substance abuse and criminal issues. Thereafter, the circuit court held a preliminary hearing during which the DHHR presented testimony that Child Protective Services ("CPS") opened a case in March of 2017 and attempted to provide services to petitioner and the children's father.[2] However, the parents failed to fully comply with services and continued to abuse substances. Additionally, CPS specifically directed petitioner not leave the children alone in the care of their father, but she failed to adhere to those directions.

On November 29, 2017, the circuit court held an adjudicatory hearing. The DHHR moved the circuit court to take judicial notice of all prior testimony, findings of fact, and conclusions of law, which the circuit court granted without objection. Ultimately, the circuit

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner and the children's father were married, but did not reside together.

1

court adjudicated petitioner as an abusing parent and granted her a post-adjudicatory improvement period.

In February of 2018, the circuit court held a review hearing. During this hearing, the circuit court was informed by the DHHR that petitioner was inconsistent with her participation in services. Petitioner missed visits with the children and missed drug screens. Additionally, a service provider reported that petitioner was not making meaningful progress with her parenting and life skills classes. The DHHR also informed the circuit court that petitioner was involved in a domestic violence dispute with her boyfriend. In March of 2018, petitioner completed the first portion of a parental competency evaluation, as recommended by the multidisciplinary treatment team. Later in March of 2018, the guardian moved to continue a review hearing in order for petitioner to complete her parental competency evaluation.

On April 18, 2018, the circuit court held a dispositional hearing. Petitioner failed to attend the hearing, but was represented by counsel. Counsel for petitioner moved to continue the hearing until petitioner completed her parental competency evaluation. However, the circuit court denied the motion and stated "due to [petitioner's] intentional nonparticipation, we're going forward today with disposition." The guardian recommended termination of petitioner's parental rights due to her failure to fully comply with services. According to the guardian, petitioner completed the first portion of her parental competency evaluation in March of 2018, but failed to follow up in order to complete the remainder of the evaluation, despite multiple appointments being set and missed. Based upon the evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its August 16, 2018, dispositional order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The father's parental rights were also terminated below. According to respondents, the permanency plan for the children is adoption by their paternal grandmother.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

In her sole assignment of error on appeal, petitioner argues that the circuit court erred in terminating her parental rights prior to the completion of her parental competency evaluation. In support, she contends that her "repeated non-compliance could have been attributed to several factors in her social and medical history and could have been improved" with certain recommendations following the parental competency evaluation. We do not find petitioner's argument persuasive.

West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has not

> responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, petitioner failed to fully comply with services during the proceedings. The record shows that petitioner missed visits with the children, missed drug screens, and failed to benefit from parenting and adult life skills classes. Additionally, while she argues on appeal that the circuit court prematurely terminated her parental rights before she could complete her parental competency evaluation, the record shows that petitioner had multiple opportunities to complete the evaluation, but failed to do so until after her parental rights were terminated.

Although petitioner also argues that with counseling and psychiatric therapy, she may have been able to "control or improve the impulses that contributed to her poor decision making," this argument is purely speculative and not supported by the record. We have held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Due to her noncompliance with services throughout the proceedings, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the

termination of her parental rights was in the children's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 16, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison